STATE OF WISCONSIN and City of Milwaukee, Plaintiffs,

v.

MISSIONARIES TO THE PREBORN, an unincorporated association, et al., Defendants.

No. 92–C–614.

United States District Court, E.D. Wisconsin.

Aug. 18, 1992.

James E. Doyle, Atty. Gen. by Peter C. Anderson, Asst. Atty. Gen., Madison, Wis., for State of Wis.

Grant F. Langley, City Atty. by Rudolph M. Konrad, Deputy City Atty., Milwaukee, Wis., for City of Milwaukee.

Craig L. Parshall, Menomonee Falls, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Craig L. Parshall, attorney for some of the defendants in the above-captioned removal action, has filed a motion seeking reconsideration of an order by the court dated July 13, 1992 awarding the plaintiffs attorneys fees in the amount of $1,300 under 28 U.S.C. § 1447(c).

The July 13 order followed a June 15, 1992 decision and order in which the court determined that the defendants had improperly removed the action without any basis for federal jurisdiction. In the June 15 order, the court remanded the action and awarded the plaintiffs the "just costs and actual expenses" they incurred as a result of the removal. In addition, the court imposed sanctions on the defendants and their attorneys pursuant to Rule 11, Federal Rules of Civil Procedure, finding that the action had been removed to effect a delay of state court proceedings.

In the July 13 order, the court determined that the plaintiffs had incurred, as a result of the improper removal of the action, costs and expenses—consisting exclusively of attorneys fees—in the amount of $1,300. The court imposed joint and several responsibility for payment of those fees upon Attorney Parshall (as well as three other attorneys appearing with him) and their clients. Judgment was entered accordingly.

Attorney Parshall claims to have filed the present motion for reconsideration on behalf of at least *some* of the approximately 32 defendants he originally represented in this action. The court's examination of the motion, however, demonstrates that the motion is really filed in Attorney Parshall's own behalf (as well as that of his three colleagues). Notably, he claims that *his clients* but not *he* (or his colleagues) should be liable for paying the $1,300 in fees awarded to the plaintiffs under § 1447(c).

■ In support of his motion, Attorney Parshall points to what he suggests is an inconsistency in the court's June 15 and July 13 orders. The June 15 order directed "the defendants" to pay costs and expenses under § 1447(c); the July 13 order determined the costs and expenses to be $1,300, but imposed joint and several responsibility for their payment upon the defendants *and* their attorneys of record. To the extent that the two orders might be thought inconsistent, the July 13 order takes precedence, since it was a decision which dwelled entirely on the matter of costs and fees.

■ This brings the court to Attorney Parshall's second and final contention: that § 1447(c), unlike Rule 11, permits the imposition of costs and expenses upon the client, but not the attorney. Attorney Parshall cites (and the court has found) no authority supporting such an interpretation of § 1447(c). Moreover, the pertinent portion of § 1447(c) simply states as follows:

> An order remanding the case may require payment of just costs and any actu-

al expenses, including attorney fees, incurred as a result of the removal.

Section 1447(c) does not contain any express or even any implied limitation on the court's authority to impose joint and several liability on attorneys and their clients when awarding costs and expenses pursuant to § 1447(c).

A contrary interpretation of § 1447(c) would be arguably inconsistent with both Rule 11, Federal Rules of Civil Procedure, and ethical rules of conduct for attorneys.

Rule 11 states in part that:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rules of conduct for attorneys require that "in representing a client, a lawyer shall not ... knowingly advance a claim or defense that is unwarranted under existing law ...." *E.g.,* Wis.Sup.Ct.R. 20:3.1(a)(1) (1992).

I believe that a fair reading of § 1447(c) allows a court, within its discretion, to impose costs and expenses against not only parties, but also against their attorneys if the latter filed baseless papers or pleadings. Accordingly, I find that § 1447(c) permits the issuance of an order awarding "just costs and actual expenses" to be paid either by the defendants, by their attorneys, or by both the defendants and their attorneys, jointly and severally.

In the July 13 order, the court, in the exercise of its discretion, determined that the defendants and their attorneys of record should share responsibility for the plaintiffs' attorneys fees. Attorney Parshall has not caused the court to doubt the rationale of that order.

Therefore, IT IS ORDERED that Attorney Parshall's motion for reconsideration be and hereby is denied.